IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

EVA FISHER,

        Defendant.

8:15CR317

**ORDER**

This matter is before the court on the defendant's motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255, Filing No. 33.

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

The defendant entered a plea of guilty to a charge of bank robbery in violation of 18 U.S.C. § 2113(a). She was sentenced to term of imprisonment of thirty-seven months.

In her § 2255 motion, defendant Fisher alleges that she asked her attorney to file an appeal and he did not do so. She also states he refused to move for a recess when asked. Liberally construed, the court finds the defendant's motion sets forth the necessary elements of an ineffective assistance of counsel claim. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (stating "an attorney's failure to file a notice

of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary."). Allegations that a defendant instructed her attorney to file an appeal and he failed to do so are alone sufficient to warrant a hearing. *See Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015); *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014) (stating that when a district court receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot "mak[e] a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing.").

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer. On receipt of the government's answer, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014)

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 5th day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge