IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>EVA FISHER,<br><br>                  Defendant. | 8:15CR317<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court after an evidentiary hearing on October 18, 2017, on defendant's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Filing No. 33. In her § 2255 motion, Fisher contends she asked her counsel twice to file an appeal and twice he told her he would not do so. She also contends that her counsel failed to ask for a recess when she requested that he do so. She seeks a reduction in her sentence.

      I.      BACKGROUND

      After entering a plea of guilty to a charge of bank robbery in violation of 18 U.S.C. § 2113, Eva Fisher was sentenced on May 13, 2016, to a term of imprisonment of 37 months, to be followed by a 3-year term of supervised release. Filing No. 29. She timely filed her motion under 28 U.S.C. § 2255 (hereinafter "§ 2255 motion") on April 17, 2017, (Filing No. 33), raising two claims of ineffective assistance. Specifically, in Ground One of her § 2255 motion she states: "I asked Mr. Michael J. Hansen to [file] an appeal twice, and both times he said no, because if he [filed] an appeal for me on the sentence I received from Judge Joseph Bataillon, that he would have to resign from

being my attorney." Filing No. 33, § 2255 Motion at 4. In Ground Two, she states that she asked her attorney to request a recess and he did not do so.

The court held a hearing on the matter on October 18, 2017.[1] At the hearing, Fisher's attorney, Assistant Federal Public Defender Michael J. Hansen (hereafter "defense counsel" or Mr. Hansen), testified that on May 18, 2016, he received a letter from Fisher requesting him to file a Notice of Appeal. He stated he met with Fisher at the Douglas County Jail on May 20, 2016 and discussed the advantages and disadvantages of filing an appeal. He testified he expressed his professional opinion that there were no nonfrivolous issues for appeal. He explained to Fisher that her appeal would likely be unsuccessful because the Court of Appeals would apply an abuse of discretion standard and was not likely to find any abuse of discretion due to Fisher's prior federal bank robbery conviction. Defense counsel further testified that he told Fisher that if she wanted to appeal he would have to withdraw as her attorney. He stated that at the conclusion of the discussion, he left the meeting with the firm belief that Fisher had changed her mind and did not want him to appeal her sentence.

Fisher also testified, telephonically, at the hearing. She testified to generally the same facts, but stated that before counsel left the meeting at the Douglas County correctional facility, she asked him to file an appeal. She testified that before the sentencing she had decided she did not want to appeal. At the sentencing, she did not tell her lawyer she wanted to appeal. She later contacted him stating that she wanted to appeal. When he came to see her at the jail she told him she wanted to appeal. She

---

[1] See *Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015) (holding that allegations that a defendant instructed her attorney to file an appeal and he failed to do so are alone sufficient to warrant a hearing).

acknowledged that her attorney told her he would have to withdraw from the case if he filed an appeal. She stated she thought he was going to file the appeal and then withdraw. She left the meeting with the understanding that he would file an appeal. She testified there was no discussion of the procedure for the process of withdrawing as counsel.

She stated the only issue she was pursuing in this action was the failure to file an appeal. She abandoned her claim concerning counsel's failure to ask for a recess claim and there was no testimony regarding the specifics of that claim.

At the close of the hearing the court asked, assuming Fischer had misunderstood the conversation with her attorney, if the government would oppose a direct appeal as a remedy. The government has responded that it is opposed to a delayed direct appeal. Filing No. 42.

II. LAW

When a petitioner claims ineffective assistance of counsel, he or she generally must establish: (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). A defendant "faces a heavy burden" to establish ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). However, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000); *see also*

*Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015) (stating that prejudice is presumed).

Where there is no express direction from a defendant to appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). In making the determination as to whether counsel had been effective in counseling the defendant about appeal, "courts must take into account all the information counsel knew or should have known." *Id.* (noting that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.").

For a claim on the basis of failure to file an appeal to succeed, a petitioner must show that he or she expressly instructed counsel to file an appeal. *Barger*, 204 F.3d at 1182; *see Flores-Ortega*, 528 U.S. at 478 (stating that if an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal."). A "'bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.'" *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger*, 204 F.3d at 1182).

An attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal. *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see St. George v. District Attorney of City of Philadelphia*, 529 F. App'x 226, 229 (3d Cir. 2013) (reinstating appeal places the defendant "in the same position he would have been in if he had had effective assistance of counsel").

III. DISCUSSION

Here, there is no dispute that Fisher wrote to counsel shortly after sentencing, asking him to file an appeal. There is no dispute that he properly consulted with his client about an appeal. The evidence is in conflict, however, concerning whether or not Fisher expressly requested an appeal after she discussed the issue with counsel at the jail. The court credits the testimony of defense counsel on this point. First, it is clear to the court that there were no nonfrivolous issues to appeal. It makes sense that an experienced public defender would so advise his client. Moreover, Fischer's testimony was somewhat equivocal on this point. Fischer's testimony at the hearing—that she asked him to file an appeal and thought he would do so—is at odds with statements in her motion that he twice refused to do so. She acknowledged that the process of withdrawing as an attorney was not discussed and she did nothing to follow up on such an appeal being filed, which further lessens her credibility. Accordingly, the court credits the testimony of defense counsel and finds that Fisher has failed to show that she explicitly made her desire for an appeal apparent to her counsel. Accordingly, the court finds Fisher's motion to vacate should be denied.

Before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. See 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 480, 484 (2000). For the reasons set forth above, the court finds the defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, no Certificate of Appealability will issue.[2]

IT IS ORDERED:

1. The defendant's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Filing No. 33) is denied.

2. No Certificate of Appealability will issue.

3. A judgment of dismissal will be entered this date.

Dated this 16th day of November, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] Under Fed. R. App. P. 22(b) the defendant may request a Certificate of Appealability from the Court of Appeals.